IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMEN TARDIO-GARIN and LUIS TARDIO-GARIN,<br><br>   Plaintiffs,<br><br>-against-<br><br>C. R. BARD, INC.,<br><br>   Defendant. | Case No: _____<br><br>Removed from the Supreme Court of the State of New York, County of New York, Index No. 157194/2018 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant C. R. Bard, Inc. ("Bard") hereby removes this action captioned *Carmen Tardio-Garin and Luis Tardio-Garin v. C. R. Bard, Inc.*, from the Supreme Court of New York, New York County, to the United States District Court for the Southern District of New York. Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. In support of removal, Bard further states:

### I.  PROCEDURAL BACKGROUND AND RELEVANT FACTS

1. On August 1, 2018, a civil action was commenced by Plaintiffs Carmen Tardio-Garin and Luis Tardio-Garin ("Plaintiffs") in the Supreme Court of New York, New York County, by the filing of a complaint captioned *Carmen Tardio-Garin and Luis Tardio-Garin v. C. R. Bard, Inc.*, Index No. 157194/2018 (the "Complaint").

2. C. R. Bard, Inc. was served with the Complaint on September 11, 2018.

3. This action involves allegations relating to "Bard Mesh," which Plaintiffs allege was manufactured and sold by Bard. *See* Compl. ¶¶ 59-61. Plaintiffs allege that Carmen Tardio-Garin underwent a "left lumbar hernia repair procedure" on or about August 5, 2015, wherein

she had a Bard Mesh implanted. *Id.* at ¶¶ 59-60. Plaintiffs allege the Bard Mesh at issue remains implanted in Ms. Tardio-Garin's body. *Id.* at ¶ 61. Plaintiffs further allege Ms. Tardio-Garin's injuries include abdominal pain and recurring hernias. *Id.* at ¶ 62. As a result of having the Bard Mesh implanted, Plaintiffs allege, among other injuries, economic damages, physical injuries, and emotional distress. *Id.* at ¶¶ 63-64.

## II.     NOTICE OF REMOVAL IS TIMELY

4. This Notice of Removal is filed within 30 days after Bard's receipt, through service or otherwise, of the initial pleading setting forth a claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b). Accordingly, Bard's removal of this action is timely.

## III.     JURISDICTION AND VENUE

5. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441. Pursuant to 28 U.S.C. §1332(a), this Court has original jurisdiction over this action because complete diversity of citizenship exists between Plaintiffs and the Defendant C. R. Bard, Inc. and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Upon information and belief, Plaintiffs are both citizens of the State of New York. *See* Compl. at ¶¶ 1, 2, 58.

7. C. R. Bard, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey. Therefore, C. R. Bard, Inc. is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c).

8. Thus, there is complete diversity of citizenship between Plaintiffs and Defendant.

9. A removing defendant need only show "a reasonable probability that the claim is in excess of the statutory jurisdictional amount" of $75,000. *United Food & Comm'l Workers Union v. Centermar helk Properties Meriden Square. Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994)

(internal quotation and citation omitted). Given the severity and type of injuries alleged in Plaintiffs' Complaint, the amount-in-controversy requirement is met here because it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding that the amount in controversy is satisfied where plaintiffs alleged economic loss, medical and health expenses, and claimed serious medical conditions). Accordingly, Plaintiffs' Complaint demonstrates that the amount in controversy in this action is in excess of $75,000, exclusive of interest and costs.

10. The United States District Court for the Southern District of New York comprises the county in which this matter is now pending (New York County) and thus, pursuant to 28 U.S.C. § 112, venue is proper.

### IV.  PROCEDURAL REQUIREMENTS FOR REMOVAL

11. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders are attached to this Notice of Removal as Exhibit "A."

12. Bard will file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, New York County, the state court in which this action is currently pending, as required by 28 U.S.C. § 1446(d). A copy of this Notice of Removal is also being served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Bard, pursuant to 28 U.S.C. § 1441, respectfully removes this action from Supreme Court of New York, New York County, to the United States District Court for the Southern District of New York.

This 28th day of September, 2018.

                Respectfully submitted,

By:    */s/ Shana E. Russo*
        Shana E. Russo, Esq.
        Spencer D. Wein, Esq.
        Melissa A. Brown, Esq.
        REED SMITH LLP
        599 Lexington Avenue
        New York, NY 10022
        Telephone:  (212) 521-5400
        Fax:  (212) 521-5450

        *Counsel for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2018, a true and correct copy of this Notice of Removal was served by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

Alexandra Colella
MARC J. BERN & PARTNERS LLP
One Grand Central Place
60 East 42nd Street, Suite 950
New York, NY 10165

*Counsel for Plaintiffs*

By:   /s/ Shana E. Russo
Shana E. Russo, Esq.
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Telephone:  (212) 521-5400
Fax:  (212) 521-5450

*Counsel for Defendant*